# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MICHAEL SHANNON,**

                **Plaintiff,**

**-vs-**                                                                   **Case No. 6:08-cv-803-Orl-19DAB**

**SAAB TRAINING USA, LLC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 31)**
>
> **FILED:**      **February 6, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 114 (1946).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on March 11, 2009 with counsel for Plaintiff only present.

Based on Plaintiff Shannon's Responses to Court Interrogatories (Doc. No. 17), he was employed by Defendant from March 2004 to November 2007 as a target range installation technician, installing range equipment and preparing military firing ranges. Doc. No. 17. Based on Plaintiff Mimms's Responses to Court Interrogatories (Doc. No. 21), he was employed by Defendant from April 2004 to "present" (as of August 2008) as a field service representative (April 2004 to May 2005); targetry installer/trainer (May 2005 to November 2007) and as a lead ranger installer after November 2007. Doc. No. 21.

The extent of Plaintiffs' exempt status was much disputed by both sides, with Plaintiff Shannon seeking $16,735.28 for alleged overtime worked and unpaid wages and Plaintiff Mimms seeking $28,191.30 for alleged overtime worked and unpaid wages; both sought an equal amount in liquidated damages. Doc. Nos. 17, 21. Following limited Court-ordered FLSA discovery, the parties

determined that three issues existed: whether Plaintiffs were exempt under the administrative exemption, whether a third year of statue of limitations would apply, and whether liquidated damages were appropriate or whether Defendant had a good-faith defense. Doc. No. 31.

Plaintiff's counsel stated that there was solid evidence of the exact hours worked by Plaintiffs; however, they were only paid straight time for those hours because Defendant believed that the administrative exemption applied. Defendant argued, and Plaintiff conceded, that the three year statute of limitations and liquidated damages would not apply where Plaintiffs were paid a salary, had a mix of job duties, and Defendant had relied on the advice of counsel in applying the administrative exemption to Plaintiffs' positions. With only two years of damages and no liquidated damages, Plaintiff Shannon's claim was reduced to $11,708 and Plaintiff Mimm's claim to $20,560. Doc. No. 31 at 4 n. 2. The settlement to Plaintiff Shannon of $7,500 and to Plaintiff Mimms of $11,250 in unpaid wages and liquidated damages represents approximately fifty-five to sixty-five percent of the adjusted but still hotly-disputed principal amounts Plaintiffs sought.

The parties have agreed that Defendant will pay Plaintiffs' attorney $8,500 in attorney's fees and $400 in costs. Doc. No. 38. Plaintiff's counsel litigated the case on behalf of Plaintiff from April 2008 to February 2009, accruing roughly 26.7 hours of attorney time and 9.0 hours of paralegal time in the process. C. Ryan Morgan, a member of the bar for 3.5 years, contends that his hourly rate should be $300 and the rate for his paralegal with the same amount of experience should be $95.00. The paralegal rate is consistent with local rates in Orlando. However, the hourly rate for a third-year Orlando attorney – including those specializing in FLSA cases – handling a moderately complex FLSA case involving exemption issues, like this case, is no more than $175.00. *See Moore v. Appliance Direct, Inc*., Case No. 6:08-cv-317-Orl-19DAB, Doc. No. 65 (recommending $210 rate

for a twelve-year lawyer who averred he had "successfully obtained relief for Plaintiffs and Defendants in many FLSA matters" but did not list any of the FLSA or employment cases, which the Court typically finds recited by counsel in their affidavits). In the Motion, Mr. Morgan failed to cite any of the cases in the Middle District for Florida, Orlando Division, in which *he* had previously been *awarded* a rate of $300[1]. Judge Spaulding has previously recommended awarding him an hourly rate of $165. *See, e.g.*, *Maya v. Green Thumb Landscaping*, No. 6:08-cv-447-Orl-31KRS (applying a rate of $165 for C. Ryan Morgan, Esq.); *see also Girke v. Camillo Home Builders of Orlando, LLC*, No. 6:08-cv-461-Orl-28KRS, 2008 WL 2700014, at *1, 5 (M.D. Fla., July 9, 2008) ($145.00 rate).

The amount of time is also slightly overstated for two categories of time. Mr. Morgan has charged 1.0 hour for the drafting of the three-page boilerplate Complaint. *See* Doc. No. 1. He has also charged time for filing motions for extension or to reschedule (totaling 1.1) which were filed for his own convenience and should not be charged to his adversary. Doc. No. 38-4 at 5-6. This time will be reduced from 2.1 hours to 0.3, for total attorney time of 24.9 hours.

Plaintiffs' counsel represented at the hearing that the fee was negotiated subsequent to negotiation of the settlements to the Plaintiffs. Defendant had agreed to pay, as part of the settlement, $8,500 to Plaintiffs' attorneys. However, where Plaintiffs are getting significantly less than their full claims–in this case, fifty-five to sixty-five percent of the recalculated amounts–the fee request requires greater scrutiny than it would were it simply matter of agreement between counsel, following determination of the correct amount owed a plaintiff.

As the Court explained at the hearing, where the settlement occurs without any court involvement, in discharging its duty to review FLSA settlements, the Court lacks information to

---

[1]As to the cases cited in his supporting affidavit (Doc. No. 38-2), the rates in the cited cases were uncontested or agreed by the parties, and were decided before the *Silva* decision's application to *Lynn's Food Stores* (in January 2009).

evaluate the strength of any claims or defenses, except as represented by counsel. The Court must accept at face value the importance of the claims and defenses as mentioned by the attorneys. While the Court is willing to accept appropriate representations from attorneys, as officers of the Court, when a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee necessarily improperly detracts from the plaintiff's recovery.[2] This potential conflict is exacerbated in cases where the Defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery is somewhat arbitrary. Moreover, in this case Plaintiff has signed a contingency fee agreement that the Court will not enforce. *See* Doc. No. 38-3.

The Eleventh Circuit addressed a similar issue in a case applying the *Lynn's Food Stores* decision in the context of a contingency agreement, *Silva v. Miller*, Case No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009) (unpublished) (holding that the district court had a duty to review a compromise of a FLSA claim and award a reasonable attorney's fee which was a reduction of a fee agreed to in contingency contact). In *Silva*, the plaintiff had signed a fee agreement with her attorney that stated the attorney would receive a contingency fee equal to the higher of 40% of the total recovery or an hourly rate based on $300.00 per hour. *Id*. at *1. The district court reduced the attorney's fees contingent amount ($8,000 plus costs of $20,000 recovery) to a lodestar-based reasonable amount of $7,714, with the difference remaining with the plaintiff as part of the wage settlement. *Id.*

---

[2]From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

The Eleventh Circuit quoted the provision of the statute that requires "the court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id*. (citing 29 U.S.C. § 216(b)) and *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) ("The language of the statute contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'")

The FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that "*no conflict of interest taints the amount the wronged employee recovers under a settlement agreement*. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions." *Id*. at *2 (emphasis added) (citing *Lynn's Food Stores*, 679 F.2d at 1352; *Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008)).

Applying those principles first enunciated in *Lynn's Foods* to the case at hand, the Court finds that a reduction in fees is warranted because 1) Plaintiffs' claims are a compromise of the amount owed; and 2) the lodestar amount is significantly less than the fees agreed between Plaintiff's counsel and the Defendant. As the Court interprets *Lynn's Food Stores*, with the benefit of the application in *Silva*, where there is a compromise of the amount due to the plaintiff, the Court must decide the appropriate fee using the lodestar because the Court has no other way of deciding how to reduce the split between the client and attorney. If the attorney is collecting a portion of the settlement as fees that would have otherwise been available for payment to the client, any amount above the lodestar is unreasonable unless supported by some special circumstance. The Court rejects Plaintiffs' counsel's arguments (at the hearing) that he is entitled to an enhancement because he is able to

"efficiently resolve" FLSA cases–that experience is rewarded in the higher hourly rate–or because counsel fronts the filing fees in such cases, which is a cost reimbursable to a prevailing plaintiff under the FLSA.

At the hourly rate of $175 that the Court has determined is appropriate for Mr. Morgan's level of experience, for 24.9 hours, the overall fee is $4,357.50 for attorney time; plus paralegal time of 9.0 hours at $95 per hour is $855; plus costs of $400 for a total of **$5,612.50.** Thus, there is an excess of $3,652.50 above a reasonable fee, determined by applying the lodestar analysis. Because under the settlement Plaintiffs stand to receive only fifty-five to sixty-five percent of the revised overtime amount which they claimed, this difference should be distributed to Plaintiffs on a pro-rata basis as follows:

|  | Original Settlement | Redistribution of fees above lodestar | Share | Adjusted Recovery |
|---|---|---|---|---|
| Fees and Costs | $9,265.00 | ($3,652.50) |  | **$5,612.50** |
| Shannon | $7,500.00 | $1,461.00 | 40% | **$8,961.00** |
| Mimms | $11,250.00 | $2,191.50 | 60% | **$13,441.50** |
| Total | $28,015.00 |  |  | **$28,015.00** |

The amounts re-allocated from fees to the Plaintiffs should be treated as Form 1099 income for tax purposes.

Settlement in these amounts is a fair and reasonable settlement. It is **RECOMMENDED** that the **revised settlement distribution** be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy