**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL SHANNON,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-803-Orl-19DAB**

**SAAB TRAINING USA, LLC,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. No. 31, filed Feb. 6, 2009);

2. Response and Notice of Compliance to Order Dated February 11, 2009 and Incorporated Memorandum of Law by Plaintiff Michael Shannon on Behalf of Himself and Opt-In Plaintiff David Mimms (Doc. No. 38, filed Mar. 4, 2009);

3. Report and Recommendation of the United States Magistrate Judge as to the Joint Motion for Approval of Settlement (Doc. No. 40, filed Mar. 13, 2009);

4. Objection to the Report and Recommendation Dated March 13, 2009, and Incorporated Memorandum of Law by Plaintiff Michael Shannon on Behalf of Himself and Opt-In Plaintiff David Mimms (Doc. No. 41, filed Mar. 25, 2009); and

5. Objections to Report and Recommendation by Defendant Saab Training USA, LLC (Doc. No. 42, filed Mar. 25, 2009).

**Background**

Plaintiff Michael Shannon brought this case against his employer, defendant Saab Training USA, LLC, for payment of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1), 215(a)(2) (2006). (Doc. No. 1, filed May 20, 2008.) Soon thereafter, another employee of Defendant, David Mimms, joined the action as an opt-in plaintiff. (Doc. No. 8, filed June 4, 2008.) In his Verified Answers to the Court's Interrogatories, Plaintiff Shannon claimed that he was owed $16,735.28 in overtime wages, plus an additional $16,735.28 in liquidated damages, totaling $33,470.56. (Doc. No. 17 at 4, filed July 23, 2008.) Plaintiff Mimms claimed unpaid overtime in the amount of $28,191.30 and liquidated damages in amount of $28,191.30, totaling $56,382.60. (Doc. No. 21 at 3-4, filed Aug. 7, 2008.) Defendant argued in response that some of Plaintiffs' claims were barred by the statute of limitations, Plaintiffs have no basis for relief because they were exempt from the overtime provisions of the FLSA, and, in any event, Defendant relied in good faith on the advice of counsel that Plaintiffs were exempt. (Doc. No. 11, filed June 19, 2008.)

Less than nine months after the case was filed, the parties reached a settlement and jointly moved the Court to approve the settlement agreement. (Doc. No. 31.) Although the parties did not file a copy of their settlement agreement in the record, they did provide the terms of the agreement in their Joint Motion for Approval. (*Id.* at 4-5.) In this Motion, the parties restated the amounts claimed as damages in the Plaintiffs' Answers to the Court's Interrogatories. (*Id.* at 4.) They also stated:

> If a third year of statute of limitations was not found to be applicable, and no liquidated damages were awarded, Plaintiff, MICHAEL SHANNON'S, maximum possible recovery would have been $11,708.44, and Opt-In Plaintiff, DAVID MIMMS['], maximum possible recovery would have been $20,560.13.

(*Id.* at n.4.) Based on this dispute, the parties agreed to settle all claims and provided that Plaintiff Shannon would recover $7,500.00, Plaintiff Mimms would recover $11,250.00, and Plaintiffs' counsel, C. Ryan Morgan, would receive a total of $8,500.00 for attorney's fees, paralegal's fees, and costs. (*Id.* at 4-5.)

In support of the Motion, Attorney Morgan filed in the record a Memorandum of Law setting forth arguments to justify his requested hourly rate of $300 for 26.7 hours of work. (Doc. No. 38.) He also filed in the record a sworn statement, the retainer agreements between his firm, Morgan & Morgan and both Plaintiffs, and a time sheet and cost ledger for this matter. (Doc. Nos. 38-2 to 38-5.) The United States Magistrate Judge then held an evidentiary hearing to determine whether the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA issues. (Doc. No. 39, filed Mar. 11, 2009.)

After the hearing, the Magistrate issued a Report and Recommendation in which he concluded that a $300 hourly rate for Attorney Morgan was excessive and instead determined that a rate of $175 was reasonable. (Doc. No. 40 at 3.) Also, the Magistrate concluded that the amount of time taken to perform two tasks was unreasonable: (1) the "1.0 hour [charged] for the drafting of the three-page boilerplate Complaint," and (2) the time charged "for filing motions for extension or to reschedule (totaling 1.1) which were filed for [Attorney Morgan's] own convenience and should not be charged to his adversary." (*Id.* at 4.) Accordingly, the Magistrate reduced the time for these two entries from 2.1 hours to 0.3, resulting in a total attorney time of 24.9 hours. (*Id.*) As to the other fees and costs, the Magistrate approved as reasonable a fee of $855 for nine hours of paralegal time at an hourly rate of $95, as well as $400 in costs. (*Id.* at 3, 7.)

When computing the total recovery, the Magistrate construed the settlement agreement as providing for $9,265.00 in attorney's fees, paralegal's fees, and costs. (*Id.* at 7.) The Magistrate reached this number by adding the hours worked by Attorney Morgan at an hourly rate of $300, totaling $8,010, together with the $855 paralegal's fee and $400 in costs to reach a sum of $9,625.00 in fees and costs. (*Id.*) Adding to this figure the $7,500.00 recovery for Shannon and the $11,250.00 recovery for Mimms, the Magistrate calculated a total recovery of $28,015.00. (*Id.*) After determining that the allocated attorney's fees were excessive, the Magistrate reduced the recovery for fees and costs to $5,612.50. (*Id.*) The Magistrate then redistributed the remainder to Plaintiffs on a pro-rata basis, with Plaintiff Shannon receiving forty percent of the excess and Plaintiff Mimms receiving sixty percent. (*Id.*) In conclusion, the Magistrate recommended that the District Court reject the settlement agreement as currently written but accept a revised settlement distribution of $5,612.50 for fees and costs, $8,961.00 to Plaintiff Shannon, and $11,250.00 to Plaintiff Mimms, for a total recovery of $28,015.00. (*Id.*)

In response, both sides filed Objections to the Report and Recommendation of the Magistrate. (Doc. Nos. 41-42.) Plaintiffs objected on two grounds: first, that the hourly rate awarded to Attorney Morgan was unreasonably low; and secondly, that the Magistrate recommended that the Court alter the settlement agreement rather than approve or reject it as a whole. (Doc. No. 41 at 1.) Defendant objected to the Magistrate's construction of the agreement to provide for attorney's fees and costs in an amount of $9,625.00 for a total recovery of $28,015.00. (Doc. No. 42 at 2-4.) Instead, Defendant clarified that the parties had agreed upon a total recovery of $27,250.00 with $8,500.00 allocated to attorney's fees and costs. (*Id.* at 1, 4.)

**Standard of Review**

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "The district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3) (emphasis added). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* Local Rule 6.02.

**Analysis**

**I.    Reasonableness of Attorney's Fees**

To encourage private enforcement of statutory rights under the FLSA, Congress created a fee-shifting provision in the Act which states: "The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As explained by the Eleventh Circuit, when a statute or rule of law permits an award of reasonable attorney's fees to the prevailing party, a court should utilize the lodestar method in computing the appropriate fees. *Norman v. Hous. Auth. of the City of Montgomery, Ala.*, 836 F.2d 1292, 1298-99 (11th Cir. 1988) (citing cases).

Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* at 1299 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "reasonable hourly rate" is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation." *Id.* The burden to prove a reasonable hourly rate is not a light one, as explained by the Eleventh Circuit:

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.* It should also be noted that in line with the goal of obtaining *objectivity*, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. Evidence of rates may be adduced through *direct evidence of charges by lawyers under similar circumstances or by opinion evidence*. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

\* \* \*

> No two lawyers possess the same skills, and no lawyer always performs at the same level of skill. Accordingly, [t]he parties ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar.

*Id.* at 1299-1300 (citations omitted, emphasis added). "Hours reasonably expended" are those that are not "excessive, redundant, or otherwise unnecessary" and are performed by an attorney who has exercised "billing judgment." *Id.* at 1301 (quoting *Hensley*, 461 U.S. at 434, 437). Therefore, "a lawyer may not be compensated for hours spend on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in similar cost benefit analysis." *Id.*

When determining a reasonable amount for attorney's fees, the judge is considered an expert on the matter. *Id.* at 1303. A judge may utilize his or her own knowledge and experience and "may form an independent judgment either with or without the aid of witnesses as to value." *Id.* (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). If the applicant fails to provide adequate evidence to support a claim for attorney's fees, the court has "the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.* (citations omitted). Therefore, "no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account." *Id.* A court may determine the appropriate amount "based solely on affidavits in the record" and may take judicial notice of prevailing market rates so long as both parties are given an opportunity to be heard on the matter if so requested. *Id.* at 1303-04.

In FLSA cases requiring review of a settlement agreement, the Court is put in an unusual position as the expert on a factual matter, that is, the reasonableness of attorney's fees. Attorney

Morgan has provided fairly substantial assistance in this regard by citing other FLSA cases in which attorney's fees were awarded to the plaintiffs' attorneys. (Doc. No. 38 at 3-4.) As this Court has previously recognized, however, the case law in this area cuts both ways, with courts in some cases approving attorney's fees at whatever rate is sought by the plaintiff's attorney, and in other cases scrutinizing the requested rates more closely and reducing them accordingly. *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-19GRJ, 2009 WL 111678, at *3 (M.D. Fla. Jan. 15, 2009). Therefore, the Court turns to the other sources cited by Plaintiffs for evidence as to the prevailing market rates in Orlando.

Attorney Morgan cites to the Florida Bar's Economics and Law Officer Management Survey[1] to support his hourly rate of $300. (Doc. No. 38 at 4.) This survey provides, *inter alia*, summaries of the standard billing rates of attorneys in Florida. Florida Bar, *Results of the 2008 Economics and Law Office Management Survey* 9-10 (2009), *available at* http://www.floridabar.org (follow "Publications" hyperlink; then follow "Research" hyperlink; then follow "2008 Economics & Law Office Management Survey" hyperlink). It does not, however, distinguish between partners and associates or categorize its findings by years of experience. *See id.* In the state as a whole, fifty-one percent of attorneys bill at an hourly rate of $200 to $299, twenty-two percent bill at a rate of $150 to $199, eighteen percent bill at a rate of $300 or more, and nine percent bill at a rate of less than $150. *Id.* at 9. In central Florida, sixty-six percent of attorneys bill at an hourly rate of $200 or more, twenty-five percent bill at a rate of $150 to $199, four percent at bill at a rate of $100 to $149, and five percent bill at a rate of less than $100. *Id.* at 10.

---

[1] Counsel cites to the 2006 edition of the Economics and Law Office Management Survey. The Court will instead rely on the most recent edition which reports on the year 2008.

Attorney Morgan also cites the annual Billing Survey[2] of the National Law Journal ("NLJ"). (Doc. No. 38 at 4.) In a December of 2008 issue, the NLJ provided a national sampling of law firm billing rates by associate class. *Firms Report Their Billing Rates by Associate Class*, Nat'l L.J., Dec. 8, 2008, at S5-S6. Although this sampling did not include any Florida-based firms, the available data does provide information as to national billing trends. For instance, a rate of $300 per hour is billed for the following levels of associates:

| Firm | Size | Main Office[3] | Associate Year | Hourly Rate |
| --- | --- | --- | --- | --- |
| Brinks Hofer Gilson & Lione | 171 | Chicago | 4th | $305 |
| Vedder Price | 265 | Chicago | 5th | $305 |
| Sullivan & Worcester | 182 | Boston | 3rd | $310 |
| Montgomery, McCracken, Walker & Rhoads | 151 | Philadelphia | 6th | $295 |
| Saul Ewing | 231 | Philadelphia | 7th-8th | $260-$320 |
| Gardere Wynne Sewell | 281 | Dallas | 4th | $300 |
| Locke Lord Bissell & Liddell | 707 | Dallas | 8th | $300 |
| Thompson & Knight | 458 | Dallas | 3rd | $315 |
| Winstead | 281 | Dallas | 5th | $310 |
| Kilpatrick Stockton | 466 | Atlanta | 5th | $305 |

---

[2] The Court will utilize the most recent survey results, published in December of 2008, rather than the cited 2007 results.

[3] All of the cities listed in this chart are more populous than Orlando according to a report estimating populations through July 1, 2007. U.S. Census Bureau, *Annual Estimates of the Population for Incorporated Places Over 100,000*, available at http://www.census.gov/popest/cities/tables/SUB-EST2007-01.xls. As of that date, Orlando had a population of 227,907. *Id.* The closest city in size listed in the chart above is Cincinnati with a population of 332,458. *Id.* In addition, several of the listed firms are based in cities in the top ten legal markets in the country: Chicago, Boston, Philadelphia, Dallas, and Atlanta. U.S. Equal Employment Opportunity Comm'n, *Diversity in Law Firms* 17 n.25 (2003).

| Firm | Size | City | Year | Rate |
|---|---|---|---|---|
| Dickinson Wright | 228 | Detroit | 8th | $265 |
| Quarles & Brady | 450 | Milwaukee | 8th | $302 |
| Holland & Hart | 406 | Denver | 6th | $305 |
| Thompson Hine | 396 | Cleveland | 8th | $285 |
| Dorsey & Whitney | 670 | Minneapolis | 5th | $330 |
| Fredrikson & Byron | 233 | Minneapolis | 7th | $300 |
| Lewis, Rice & Fingersh | 164 | St. Louis | 8th | $305 |
| Dinsmore & Shohl | 347 | Cincinnati | 8th | $245 |

*Id.* Although this data is part of a sampling and does not constitute a comprehensive survey, it demonstrates that a $300 hourly rate is billed for associates with comparable experience to Attorney Morgan only in major legal markets such as Chicago, Boston, and Dallas.[4] More commonly, this rate is used for upper level associates. It should be noted that all cities represented above are more populous than Orlando. Therefore, an hourly rate of $300 for an attorney with just over three years of experience is clearly excessive in the Orlando market.

Also in its December 8, 2008 publication, the NLJ provided a nationwide sampling of law firm billing rates. *A Nationwide Sampling of Law Firm Billing Rates*, Nat'l L.J., December 8, 2008, at S2-S4. This sampling included several Florida-based law firms, and the ranges of associates' hourly rates for these firms were as follows:

| Firm | Size | Main Office | Hourly Rate Low End | Hourly Rate High End |
|---|---|---|---|---|
| Broad and Cassel | 179 | Orlando | $175 | $320 |
| Carlton Fields | 281 | Tampa | $195 | $335 |

---

[4] Large, national law firms and those headquartered in New York City and Washington, D.C. were not considered by the Court in its comparison.

| Fowler White Boggs Banker | 201 | Tampa | $160 | $325 |
| GrayRobinson | 213 | Orlando | $125 | $275 |
| Shutts & Bowen | 203 | Miami | $190 | $240 |

*Id.* All of these firms are larger than Morgan & Morgan which has approximately 105 attorneys. *Morgan & Morgan, Our Attorneys*, http://www.forthepeople.com/our_attorneys.htm. In addition, the $300 hourly rate is at the high end of the ranges above and exceeds the amounts charged for associates by two Florida-based firms.

Based on these national and local statistics, the practices in this District, and this Court's experience handling countless FLSA cases, it appears that the prevailing hourly rates in the Orlando market for attorneys are as follows:

| Years of Experience | Hourly Rates (APPROXIMATE) |
|---|---|
| Less than 3 | $125 to $175 |
| 3 to 5 | $175 to $225 |
| 5 to 7 | $225 to $275 |
| Over 7 years | $275 and up |

These rates of course are flexible, and a number of factors, including the nature and difficulty of the case, quality of the work product, and special qualifications of the particular attorney, may justify variances upwards or downwards. This chart serves only as a rough guideline for determining the reasonableness of the amount sought as attorney's fees in FLSA cases..

In the instant matter, Attorney Morgan requests an hourly rate of $300, and the Magistrate determined that an hourly rate of $175 was more appropriate. The chart above shows prevailing market rates of $175 to $225 for attorneys practicing in Orlando with three to five years of legal

experience. Attorney Morgan was admitted to the Bar on September 27, 2005, this case was filed on May 20, 2008, and the parties filed a Joint Motion to Approve Settlement on February 6, 2009. Therefore, at the time this case was settled, Attorney Morgan had just over three years of legal experience.

The documents filed in the record demonstrate that this case involved fairly simple legal issues. For example, the Complaint was only three pages long and contained mostly boilerplate language. (*See* Doc. No. 1.) In addition, Attorney Morgan conducted only 1.3 hours of legal research for this entire case. (Doc. No. 38-4 at 2.) From the date that settlement was first mentioned on Attorney Morgan's time sheet, December 23, 2008, up to and including the date on which the Joint Motion to Approve was filed, February 6, 2009, only 8.4 hours of work was logged. (*Id.* at 4-5.) Because this case did not involve complicated matters and was settled in less than a year from its filing, the Court concludes that $175 is a reasonable hourly rate for Attorney Morgan for 24.9 hours of work. Accordingly, Plaintiffs' objection concerning the reasonableness of this fee is overruled.

## II. Total Amount of Recovery

Defendant indicates that it has "no comment" on a restructuring of the settlement agreement as between Plaintiff and Plaintiff's attorney; however, Defendant does object to the Magistrate's construction of the terms of the settlement agreement. (Doc. No. 4.) The Magistrate interpreted the settlement agreement as providing for attorney's fees and costs in the amount $9,625.00, and a total recovery of $28,015.00. (Doc. No. 40 at 7.) Defendant clarifies that the parties agreed to a total recovery of $27,250.00 with $8,500 allocated to attorney's fees and costs. (Doc. No. 42 at 1-3.)

Therefore, Defendant objects only to the Magistrate's determination that the settlements provides for recovery in an amount greater than that on which the parties actually agreed. (*Id.* at 3.)

This Court agrees that there was an error in calculation and that the total recovery agreed upon by both parties is $27,250.00. Thus, Defendant's objection is sustained. There being no objections to the other findings and calculations in the Magistrate's Report and Recommendation, this Court approves as reasonable the Magistrate's allocation of recovery to Attorney Morgan and to each Plaintiff. Accordingly, a reasonable settlement of the dispute provides for a total recovery of $27,250.00, with $5,612.50 allocated to Attorney Morgan for fees and costs, $8,655.00 allocated to Plaintiff Shannon, and $12,982.50 allocated to Plaintiff Mimms.

## III. Appropriate Treatment of the Settlement Agreement

Having determined the reasonable hourly rate for Attorney Morgan and the proper allocations of the recovery, the Court must decide how to handle the settlement agreement which purports to provide attorney's fees in a greater amount. In the Eleventh Circuit, it is mandatory for a court to review a compromised settlement of a plaintiff's FLSA claims, including any provision for attorney's fees, to ensure that the agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009) (citations omitted); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1261 (M.D. Fla. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has stated:

> [The] FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. [The] FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of [the] FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable

>after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

*Silva*, 307 F. App'x at 351-52 (citations omitted); *accord United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307*, 732 F.2d 495, 504 (6th Cir. 1984).

If a court concludes that an attorney's fee provision in a settlement agreement is too high, the relevant question is whether the court may order restructuring of the agreement to reduce the fees amount. The Eleventh Circuit has found in an unpublished opinion that a district court may invalidate any agreement between a plaintiff and his or her attorney that provides for an unreasonable attorney's fee in an FLSA case. *Silva*, 307 F. App'x at 350, 352. The Court has not specifically addressed, however, a situation in which the settlement agreement sets forth the amount allocated for attorney's fees.

The case law is somewhat thin when it comes to appellate review of district court decisions concerning the settlement of FLSA cases. Therefore, the Court looks to an analogous area of the law: the mandatory review of class action settlements for fairness under Federal Rule of Civil Procedure 23(e) (stating that a court may approve a settlement that binds class members only "on finding that it is fair, reasonable, and adequate"). In this context, the general rule is that "the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed." *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986). Thus, "[c]ourts are not permitted to modify settlement terms or in any manner to rewrite the agreement reached by the parties." *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1160 (11th Cir. 1983) (citations omitted). As emphasized by the Eleventh Circuit, "We are not free to delete, modify or substitute certain provisions of the settlement. The settlement must stand or fall as a whole." *Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119-20 (11th Cir. 1995) (quoting

*Cotton v. Hinton*, 559 F.2d 1326, 1331-32 (5th Cir. 1977)). In a case decided by the former Fifth Circuit Court of Appeals,[5] the appellate court reviewed a case in which the district court refused to approve a settlement which provided for excessive attorneys' fees. *Foster v. Boise-Cascade, Inc.*, 577 F.2d 335, 336 (5th Cir. 1978). The court stated:

> The District Judge held that although the parties had agreed to the settlement the Court had a duty to inquire into the reasonableness of the attorneys' fees. Upon his analysis of the law and the facts he found that a reasonable fee would be $8,231.25. He declined to approve the settlement unless the fee was reduced accordingly.

*Id.* The court affirmed the district judge's decision, finding that the judge "was not bound by the agreement of the parties as to the amount of attorney fees." *Id.*

Regarding the scope of its power to approve or reject settlements for fairness, this Court can discern no reasonable basis to treat differently the scope of its authority to review FLSA settlements from the scope of its authority to review class settlements. Therefore, because the Court may not modify or restructure a class settlement, the Court also may not modify or restructure an FLSA settlement absent consent of the parties. It must accept or reject the agreement as a whole. In the instant case, the settlement agreement provides for unreasonably excessive attorney's fees. Pursuant to its obligations under *Lynn's Food Stores, Inc.*, the Court cannot approve the settlement.

## Conclusion

Based on the foregoing, the Court **OVERRULES** the Objection to the Report and Recommendation Dated March 13, 2009, and Incorporated Memorandum of Law by Plaintiff Michael Shannon on Behalf of Himself and Opt-In Plaintiff David Mimms, (Doc. No. 41, filed Mar.

---

[5] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

25, 2009); **SUSTAINS** the Objections to Report and Recommendation by Defendant Saab Training USA, LLC, (Doc. No. 42, filed Mar. 25, 2009); **APPROVES IN PART AND REJECTS IN PART** the Report and Recommendation of the United States Magistrate Judge as to the Joint Motion for Approval of Settlement, (Doc. No. 40, filed Mar. 13, 2009), and **DENIES** the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law, (Doc. No. 31, filed Feb. 6, 2009).

If the parties are amenable to voluntarily restructuring the agreement in the manner described by this Order, they may file a new settlement agreement in the record on or before **Friday, July 10, 2009**. *See Rodriguez v. Fuji Sushi, Inc.*, No. 6:08-cv-1869-Orl-22KRS, 2009 WL 1456444, at \*5 (M.D. Fla. May 22, 2009) (ordering similar relief in an FLSA case which raised an identical issue of excessive attorneys' fees in the settlement agreement). However, no attorneys' fees in excess of the amount set forth as reasonable in this Order will be permitted by private agreement or otherwise. Absent the restructuring of the agreement, this case will be restored to the trial calendar.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 22, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record