UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL SHANNON,**

        **Plaintiff,**

-vs-                                                         **Case No. 6:08-cv-803-Orl-19DAB**

**SAAB TRAINING USA, LLC.,**

        **Defendant.**

## **ORDER**

This case comes before the Court on the following:

1. Suggestion of Death of Plaintiff Michael Shannon "by" Plaintiff Shannon and filed by Attorney C. Ryan Morgan, (Doc. No. 46, filed July 1, 2009);

2. Unopposed Motion to Substitute Party and Incorporated Memorandum of Law "by" Plaintiff Shannon and filed by Attorney Morgan, (Doc. No. 47, filed July 1, 2009); and

2. Renewed Joint Motion for Approval of Settlement and Incorporated Memorandum of Law, (Doc. No. 48, filed July 10, 2009).

### **Background**

Plaintiff Michael Shannon brought this case against his employer, Defendant Saab Training USA, LLC, for payment of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1), 215(a)(2) (2006). (Doc. No. 1, filed May 20, 2008.) Soon thereafter, another employee of Defendant, David Mimms, joined the action as an opt-in plaintiff. (Doc. No. 8, filed June 4, 2008.) Both Plaintiffs were represented by Attorney C. Ryan Morgan of

Morgan & Morgan. The parties eventually reached a settlement and jointly moved the Court to approve the settlement agreement. (Doc. No. 31, filed Feb. 6, 2009.) The Court declined to approve the settlement but gave the parties leave to file a renewed agreement providing for a fair distribution of the award between Plaintiffs and Plaintiffs' counsel. (Doc. No. 45, filed June 23, 2009.) The Court set July 10, 2009, as the deadline for filing an amended settlement agreement. (*Id.*)

On July 1, 2009, Attorney Morgan filed a Suggestion of Death of Plaintiff Michael Shannon on behalf of Plaintiff Shannon. (Doc. No. 46.) Attorney Morgan then filed an unopposed Motion to substitute the personal representative of the estate of Plaintiff Shannon as the party plaintiff pursuant to Federal Rule of Civil Procedure 25(a). (Doc. No. 47.) Finally, in order to comply with the Court's June 23, 2009 Order, (Doc. No. 45), the parties filed a Renewed Joint Motion for Approval of Settlement on July 10, 2009, (Doc. No. 48).

**Analysis**

Federal Rule of Civil Procedure 25(a) permits a court to order substitution of the proper party upon the death of party. This Rule provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Because the death of a client terminates the relationship between the attorney and the client, the deceased party's attorney does not qualify as a "successor or representative" under this Rule due to the fact that the attorney no longer has the authority to act on behalf of the client. *Cheramie v. Orgeron*, 434 F.2d 721, 725 (5th Cir. 1970)[1]; *Schmidt v. Merrill Lynch Trust Co.*, No. 5:07-cv-382-Oc-10GRJ, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008); *Rogers v. Concrete Scis., Inc.*, 394 So. 2d 212, 213

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(Fla. 1st DCA 1981). Thus, only (1) a party or (2) a successor or representative of the deceased party may file a suggestion of death of a party or a motion to substitute a party. *E.g.*, *Schmidt*, 2008 WL 2694891, at *3.

In the instant matter, Opt-In Plaintiff David Mimms,[2] Defendant, or the personal representative of Plaintiff Shannon's estate may move for substitution of the party plaintiff. Attorney Morgan, however, may not make this motion on behalf of his deceased client. The record does not reflect that Attorney Morgan acts on behalf of the personal representative.

**Conclusion**

Based on the foregoing, the Suggestion of Death of Plaintiff Michael Shannon "by" Plaintiff Shannon and filed by Attorney C. Ryan Morgan, (Doc. No. 46, filed July 1, 2009), is **STRICKEN** as filed without a showing of proper authority. The Unopposed Motion to Substitute Party and Incorporated Memorandum "by" Plaintiff Shannon and filed by Attorney Morgan, (Doc. No. 47, filed July 1, 2009), is **DENIED WITHOUT PREJUDICE** to refiling by Plaintiff Mimms, Defendant, or the duly authorized counsel for the personal representative of the estate of Plaintiff Shannon. The Renewed Joint Motion for Approval of Settlement and Incorporated Memorandum of Law, (Doc. No. 48, filed July 10, 2009), is similarly **DENIED WITHOUT PREJUDICE**.

---

[2] Absent objection, an opt-in plaintiff is considered a "party-plaintiff upon the filing of his consent-to-join." *Barefield v. Rob Noojin Roofing, Inc.*, No. 8:07-cv-1610-T-27TBM, 2009 WL 51278, at *5 n.6 (M.D. Fla. Jan. 7, 2009); *accord Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("by referring to them as "party plaintiff[s]" [in 29 U.S.C. § 216(b)]Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs").

If Plaintiff Mimms, Defendant, or the personal representative of Plaintiff Shannon's estate intend to re-file the Suggestion of Death and the Motion to Substitute Party,[3] they shall do so **within ten (10) days from the date of this Order**. Upon the filing of the Suggestion of Death, the parties have leave to re-file the Joint Motion for Approval of Settlement **within ten (10) days** thereafter.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 21, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] Additionally, the Court reminds the parties that a suggestion of death and motion to substitute party must be properly served to both parties and non-parties (i.e., the successors or representatives of the deceased party) under Federal Rule of Civil Procedure 4(a)(3). *E.g.*, *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961-62 (4th Cir. 1985).