**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL SHANNON,**

                **Plaintiff,**

**-vs-**                                            Case No. 6:08-cv-803-Orl-19DAB

**SAAB TRAINING USA, LLC.,**

                **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO SUBSTITUTE PARTY (Doc. No. 51)** |
| **FILED:** | **July 22, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |
| **MOTION:** | **RENEWED JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 53)** |
| **FILED:** | **July 22, 2009** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

      Plaintiff Michael Shannon brought this case against his employer, defendant Saab Training USA, LLC, for payment of unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a)(1), 215(a)(2) (2006). Doc. No. 1, filed May 20, 2008. Soon

thereafter, another employee of Defendant, David Mimms, joined the action as an opt-in plaintiff. (Doc. No. 8, filed June 4, 2008.) In his Verified Answers to the Court's Interrogatories, Plaintiff Shannon claimed that he was owed $16,735.28 in overtime wages, plus an additional $16,735.28 in liquidated damages, totaling $33,470.56. Doc. No. 17 at 4. Plaintiff Mimms claimed unpaid overtime in the amount of $28,191.30 and liquidated damages in amount of $28,191.30, totaling $56,382.60. Doc. No. 21 at 3-4. Defendant argued in response that some of Plaintiffs' claims were barred by the statute of limitations, Plaintiffs have no basis for relief because they were exempt from the overtime provisions of the FLSA, and, in any event, Defendant relied in good faith on the advice of counsel that Plaintiffs were exempt. Doc. No. 11, filed June 19, 2008.

Less than nine months after the case was filed, the parties reached a settlement and jointly moved the Court to approve the settlement agreement. Doc. No. 31. Although the parties did not originally file a copy of their settlement agreement in the record, they provided the terms of the agreement in their original Joint Motion for Approval. Doc. No. 31 at 4-5. In this Motion, the parties restated the amounts claimed as damages in the Plaintiffs' Answers to the Court's Interrogatories. Doc. No. 31 at 4. They also stated:

> If a third year of statute of limitations was not found to be applicable, and no liquidated damages were awarded, Plaintiff, MICHAEL SHANNON'S, maximum possible recovery would have been $11,708.44, and Opt-In Plaintiff, DAVID MIMMS['], maximum possible recovery would have been $20,560.13.

Doc. No. 31 at n.4. Based on this dispute, the parties agreed to settle all claims and provided that Plaintiff Shannon would recover $7,500.00, Plaintiff Mimms would recover $11,250.00, and Plaintiffs' counsel, C. Ryan Morgan, would receive a total of $8,500.00 for attorney's fees, paralegal's fees, and costs. Doc. No. 31 at 4-5.

In support of the original Motion to Approve the Settlement, Attorney Morgan filed in the record a time sheet, cost ledger, and a Memorandum of Law (Doc. No. 38) setting forth arguments to justify his requested hourly rate of $300 for 26.7 hours of work, which this Court, following an evidentiary hearing, concluded that the $300 hourly rate sought by Attorney Morgan was excessive and instead recommended a rate of $175 as reasonable[1]. Doc. No. 40 at 3.

Judge Fawsett ultimately determined that a reasonable settlement of the dispute provided for a total recovery of $27,250.00, with $5,612.50 allocated to Attorney Morgan for fees (based on the $175 hourly rate) and costs, $8,655.00 allocated to Plaintiff Shannon, and $12,982.50 allocated to Plaintiff Mimms. Doc. No. 45. Because the settlement agreement provided for an unreasonably excessive attorney's fees, Judge Fawsett held that pursuant to the obligations under Lynn's Food Stores, Inc., she could not approve the settlement. Doc. No. 45 at 15. She allowed the parties to voluntarily restructure the settlement in the manner described in her Order. Doc. No. 45 at 16.

On July 22, 2009, the parties filed a Renewed Joint Motion for Approval of Settlement (Doc. No. 53) which settles the case pretty much in accordance with Judge Fawsett's previous ruling, with slight reductions to Plaintiff's claims and an increase in the attorney's fees for the time Attorney Morgan and his paralegal spent working on the suggestion of death and preparing the new settlement agreement: for Shannon's claim, settlement of $8,408.80; for Mimms claim, settlement of $12,613.20; and attorney's fees of $6,228.00 (calculated at the appropriate hourly rates). Doc. No. 53.

Because Plaintiff Michael Shannon died, Plaintiff Mimms also moves to have substituted Helga Shannon, as Personal Representative of the Estate of Michael Shannon, in Mr. Shannon's place,

---

[1] The Court also recommended a reduction in time taken to perform two tasks, resulting in a total attorney time of 24.9 hours, but recommended as reasonable a fee of $855 for nine hours of paralegal time at an hourly rate of $95, as well as $400 in costs.

pursuant to Federal Rule of Civil Procedure 25.  Such substitution is appropriate and in conformance with Judge Fawsett's previous Order (Doc. No. 49) on the matter.

It is respectfully **RECOMMENDED** that Unopposed Motion to Substitute Party (Doc. No. 51) and the renewed Joint Motion to Approve Settlement (Doc. No. 53) be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 11, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy